## McGee *v.* State

No. 40145            June 4, 1956            87 So. 2d 703

*J. W. Bryant, Jr.*, Holly Springs, for appellant.

*John H. Price, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

McGee, the appellant, was convicted of the murder of William "Fats" Harvey, Sr., and sentenced to the state penitentiary for life.

On this appeal he urges only one ground for reversal and that is that the district attorney in his final argument to the jury stated that appellant testified that he, appellant, learned of the bad reputation of the deceased from a policeman whom appellant saw at a "Cat House", and that he, the district attorney, would not try to describe a "Cat House" since ladies were present in the courtroom and he was satisfied the jurors knew what a "Cat House" was. Appellant objected to this argument of the district attorney but it does not appear that the learned trial judge ruled thereon. Appellant had placed his own reputation in issue and had also attacked the reputation of the deceased. Appellant was on the stand under cross-examination by the district attorney. The notes of the reporter before us reveal these questions by the district attorney and answers by appellant:

Q. "You say he had a bad name with the police. That's what you said, didn't you?"

A. "I said the police arrested him and they said he did, when they came out to arrest him."

Q. "Well, what policeman was that told you he had a bad name?"

A. "They didn't tell me. They came to the 'Chat House' and arrested him."

Q. "Oh, they never told you anything?"

A. "They were talking to a bunch of all of us there."

Q. "What policeman was that?"

A. "It was a sheriff."

Q. "What sheriff was that?"

A. "Mr.—ah, I know his name. It has been a long time, but I know his name. It was in '35 or '36, Mr. Gus Galloway."

■■ The confusion is as to whether the witness said "Chat House" or "Cat House". The trial judge thought the witness said Cat House. Evidently the able district attorney thought that is what the witness said. It is not clear yet because counsel for appellant in his brief in one place speaks of "Caddy House." Regardless of the confusion, we cannot see that this is reversible error. In the first place, both the deceased and the appellant were at the same place, regardless of its name. Appellant was successful in getting before the jury that the sheriff said the reputation of the deceased was bad. In the next place, the district attorney did not attempt to describe to the jury what he thought a "Cat House" was, and it is not show that the jurors knew what it was, or that it was considered an undesirable place to be, but, as stated, if it were such a place, then deceased, by his presence, deserved the same condemnation as the defendant. Defendant got the benefit of that, which was his intent and purpose.

Affirmed.

*Hall, Kyle, Ethridge* and *Gillespie, JJ.,* concur.